WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juliet Pietro,<br><br>        Plaintiff,<br><br>v.<br><br>Sands Properties LLC, et al.,<br><br>        Defendants. | No. CV-25-00097-TUC-RM<br><br>**ORDER** |

On February 28, 2025, Plaintiff Juliet Pietro filed a Complaint (Doc. 1)[1], an Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2), an Application for Leave to Proceed in Forma Pauperis (Doc. 4), and a Motion to Allow Electronic Filing (Doc. 5). On March 4, 2025, Plaintiff filed an "Amendment to Ex Parte Emergency Motion for Temporary Restraining Order," which was docketed as a motion. (Doc. 8.)

**I.     Application for Leave to Proceed in Forma Pauperis (Doc. 4)**

In her Application to Proceed in Forma Pauperis, Plaintiff avers that she and her spouse have a combined average monthly income of $200.00, with $1,650 in savings, $900 in assets (excluding their home), and total monthly expenses of $418. (Doc. 4.) Plaintiff also states that she and her husband receive food stamps and Medicaid. (*Id.* at 5.) The Court finds that Plaintiff is unable to pay the costs of these proceedings and will therefore grant her Application to Proceed in Forma Pauperis.

. . . .

---

[1] Plaintiff captioned her Complaint: "Complaint and Request for Injunction and to Require Performance of a Contract to Convey Real Property." (Doc. 1.)

## II. Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 5)

Plaintiff requests permission to electronically file documents in this case. (Doc. 5.) Plaintiff avers that she can comply with all equipment and rule requirements governing electronic filing and has submitted a completed Registration Form. (Docs. 5, 5-1.) Accordingly, the Court will grant Plaintiff's Motion to Allow Electronic Filing by a Party Without an Attorney (Doc. 5), as detailed below.

## III. Statutory Screening of Complaints

The Prison Litigation Reform Act states that a district court "shall dismiss" an in forma pauperis complaint if, at any time, the court determines that the action "fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). "[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners." *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001) (per curiam).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2) (emphasis added). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. Thus, although a plaintiff's specific factual allegations may be consistent with a constitutional claim, a court must assess whether there are other "more likely explanations" for a defendant's conduct. *Id.* at 681.

As the United States Court of Appeals for the Ninth Circuit has instructed, courts

must "continue to construe pro se filings liberally." *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010). A complaint filed by a pro se litigant "must be held to less stringent standards than formal pleadings drafted by lawyers." *Id.* (internal quotation omitted). Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

### A.     Complaint

In her Complaint, Plaintiff names as Defendants Sands Properties LLC and certain individuals she claims are descendants of Louis M. Sands and are listed as managing members of the company on the Arizona Corporation Commission website: Marilyn W Sands Harris (with an address in Arizona), Kathleen Sands Williams (of Texas), Louis Sands IV (of Arizona), and Elizabeth Sands Reid (of California). (Doc. 1 at 1-2.)

Plaintiff claims both diversity of citizenship and federal question as the basis for jurisdiction. (*Id.* at 2, 5.) As the basis for diversity jurisdiction, Plaintiff states that "[n]ot all Defendants live in Arizona." (*Id.* at 2.) Plaintiff claims that federal question jurisdiction "exists regarding the constitutionality of Summary Judgment, particularly in cases like this involving disputes of ownership of real property or a citizen[']s means of livelihood," where wealthy defendants face poorer, self-represented litigants. (*Id.* at 5.)

Plaintiff's Complaint arises from the following allegations. (*Id.* at 3-6.) In 1998, Leslie Shannon, who was a foreman or manager for the Sands Ranch, promised Plaintiff and her then-husband, Donald Palmer, ownership of approximately five acres of land owned by Sands Ranch in exchange for Palmer's employment. (*Id.* at 3.)[2] The employment contract consisted of a "gentlemen's [sic] agreement" between Palmer and Shannon, and the property was to be Palmer's sole compensation for his work. (*Id.*) In the

---

[2] Plaintiff does not explain the authority Shannon had to exchange the Sands Ranch land. (*See* Doc. 1 at 3.)

- 3 -

same year, Palmer moved his manufactured home onto the property. (*Id.*) In 2008, before the property could be conveyed, Shannon died. (*Id.*) Despite this, Palmer and Plaintiff continued to reside on the property until March 2022, when Plaintiff received a notice from an attorney for Sands Ranch demanding they vacate the premises. (*Id.*)[3]

In July 2022, Plaintiff filed a pro se complaint for adverse possession in Cochise County Superior Court. (*Id.* at 4.)[4] On March 11, 2024, the Superior Court granted summary judgment in Sands' favor, leading to Plaintiff's eviction from the property. (*Id.*) On October 17, 2024, the Superior Court entered a final order granting Defendant possession of the property and requiring Plaintiff's removal. (*Id.* at 5.) The Court awarded Defendant costs of $2,951.75. (*Id.*) Plaintiff claims that Sands intends to execute a forcible eviction by February 28, 2025. (*Id.* at 6.)

As relief, Plaintiff requests that this Court vacate the Arizona Superior Court's summary judgment order, require specific performance of the contract to convey the property, or alternatively, grant her title through adverse possession. (*Id.* at 6-7.) Additionally, Plaintiff seeks damages if specific performance cannot be provided. (*Id.*)

**B.  Discussion**

Here, the requirements for diversity jurisdiction are not satisfied because Plaintiff fails to allege complete diversity. *See* 28 U.S.C. § 1332; *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996) ("The current general-diversity statute…applies only to cases in which the citizenship of each plaintiff is diverse from the citizenship of each defendant."). Specifically, Plaintiff is domiciled in the same state, Arizona, as Defendants Sands Properties LLC, Marilyn W. Sands Harris, and Louis Sands IV. (*See* Doc. 1 at 1-2.) Plaintiff also fails to establish federal question jurisdiction because there are no federal questions presented in the Complaint. Plaintiff cites no authority to support her claim that the Cochise County's granting of a summary judgment motion is a basis for federal question jurisdiction.

---

[3] Plaintiff explains that she has remarried and "has lived with her current husband on the property undisturbed since 2013." (*Id.* at 4.)
[4] Plaintiff claims that her 27 years of open and unopposed residence on the land satisfies Arizona's adverse possession requirements. (*Id.*)

Finally, the Court notes that Plaintiff's claim may be precluded by the doctrine of claim preclusion. *See Hastings v. Grundy*, No. CV-19-4645-PHX-DGC, 2020 WL 5517303, at *3 (D. Ariz. Sept. 14, 2020) ("In Arizona, the doctrine of claim preclusion, or res judicata, prevents a plaintiff from bringing a second lawsuit when a prior judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action.") (internal quotation marks omitted).

For the foregoing reasons, the Court will dismiss Plaintiff's Complaint for lack of subject matter jurisdiction, with leave to amend. If Plaintiff files an amended complaint, she must cure the deficiencies addressed above.

**IV.  Emergency Ex Parte Motion for Temporary Restraining Order**

Because the Court is dismissing Plaintiff's Complaint with leave to amend, and there are therefore no claims currently pending in this action, the Court will dismiss as moot Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2) and the Amendment to the Motion for Temporary Restraining Order (Doc. 8). *See Mester v. Martel*, No. 217CV1712KJMACP, 2018 WL 1567833, at *4 (E.D. Cal. Mar. 30, 2018) ("Because the complaint is being dismissed with leave to amend, there are currently no claims pending and the motion for preliminary injunction will therefore be denied as moot.").

**V.  Warnings**

   **A.  Address Changes**

If her address changes, Plaintiff must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Plaintiff must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

   **B.  Possible Dismissal**

If Plaintiff fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice. *See Ferdik v Bonzelet*,

963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court). This action will be dismissed if Plaintiff fails to timely file an amended complaint.

**IT IS ORDERED**:

(1) Plaintiff's Application for Leave to Proceed In Forma Pauperis (Doc. 4) is **granted**.

(2) Plaintiff's Motion to Allow Electronic Filing by a Party Appearing Without an Attorney (Doc. 5) is **granted** in this case only. Plaintiff is required to comply with all rules outlined in the District of Arizona's Case Management/Electronic Case Filing Administrative Policies and Procedures Manual, have access to the required equipment and software, have a personal electronic mailbox of sufficient capacity to send and receive electronic notice of case related transmissions, be able to electronically transmit documents to the court in .pdf, complete the attached form to register as a user with the Clerk's Office within **five (5) days** of the date of this Order, register as a subscriber to PACER (Public Access to Electronic Records) within **five (5) days** of the date of this Order and comply with the privacy policy of the Judicial Conference of the United States and the E-Govemment Act of 2002. Any misuse of the ECF system will result in immediate discontinuation of this privilege and disabling of the password assigned to the party.

(3) Plaintiff's Complaint (Doc. 1) is **dismissed without prejudice for lack of subject matter jurisdiction**. Within **thirty (30) days** of the date this Order is filed, Plaintiff may file an amended complaint that cures the deficiencies addressed above. If Plaintiff fails to file an amended complaint within thirty days, the Clerk of Court is directed to enter a judgment of dismissal without prejudice and without further notice to Plaintiff.

(4) Plaintiff's Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2) is **denied as moot**.

(5) Plaintiff's Amendment to Ex Parte Emergency Motion for Temporary Restraining Order (Doc. 8) is **denied as moot**.

Dated this 4th day of March, 2025.

_____
Honorable Rosemary Márquez
United States District Judge