1    **WO**

2

3

4

5

6              **IN THE UNITED STATES DISTRICT COURT**

7                  **FOR THE DISTRICT OF ARIZONA**

8

9    Juliet Pietro,                              No. CV-25-00097-TUC-RM

10              Plaintiff,                        **ORDER**

11   v.

12   Sands Properties LLC, et al.,

13              Defendants.

14

15          On February 28, 2025, Plaintiff Juliet Pietro filed a pro se Complaint against

16   Sands Properties, LLC, and specific individuals associated with the company (Doc. 1)[1],

17   an Emergency Ex Parte Motion for Temporary Restraining Order (Doc. 2), an

18   Application for Leave to Proceed in Forma Pauperis (Doc. 4), and a Motion to Allow

19   Electronic Filing (Doc. 5).  On March 4, 2025, Plaintiff filed an "Amendment to Ex Parte

20   Emergency Motion for Temporary Restraining Order," which was docketed as a motion.

21   (Doc. 8.)  On March 5, 2025, the Court granted the Application to Proceed and Motion to

22   Allow Electronic Filing.  (Doc. 9.)  On screening under 28 U.S.C. § 1915(e)(2), the Court

23   dismissed the Complaint with leave to amend for lack of subject matter jurisdiction and,

24   consequently, denied Plaintiff's requests for injunctive relief as moot.  (*Id.*)

25          On March 17, 2025, Plaintiff filed an Amended Complaint and Request for

26   Preliminary Injunction (Doc. 10) and an Ex Parte Emergency Motion for Temporary

27   Restraining Order (Doc. 11).  Plaintiff later filed an "Amendment to Ex Parte Emergency

28   _____
     [1] Plaintiff captioned her Complaint: "Complaint and Request for Injunction and to
     Require Performance of a Contract to Convey Real Property."  (Doc. 1.)

1  Motion for Temporary Restraining Order" (Doc. 12) and a "Motion for Order Directing

2  Service by the United States Marshals Service" (Doc. 13).

3  **I.    Statutory Screening of Complaints**

4          The Prison Litigation Reform Act states that a district court "shall dismiss" an in

5  forma pauperis complaint if, at any time, the court determines that the action "fails to

6  state a claim on which relief may be granted."  28 U.S.C. § 1915(e)(2).  "[S]ection

7  1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners."

8  *Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) (en banc); *see also Calhoun v. Stahl*,

9  254 F.3d 845 (9th Cir. 2001) (per curiam).

10         A pleading must contain a "short and plain statement of the claim showing that the

11  pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2) (emphasis added).  "Threadbare

12  recitals of the elements of a cause of action, supported by mere conclusory statements, do

13  not suffice."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "[A] complaint must contain

14  sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

15  face.'"  *Id.* at 678 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  A

16  claim is plausible "when the plaintiff pleads factual content that allows the court to draw

17  the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.*

18  "Determining whether a complaint states a plausible claim for relief [is] . . . a context-

19  specific task that requires the reviewing court to draw on its judicial experience and

20  common sense."  *Id.* at 679.  Thus, although a plaintiff's specific factual allegations may

21  be consistent with a constitutional claim, a court must assess whether there are other

22  "more likely explanations" for a defendant's conduct.  *Id.* at 681.

23         As the United States Court of Appeals for the Ninth Circuit has instructed, courts

24  must "continue to construe pro se filings liberally."  *Hebbe v. Pliler*, 627 F.3d 338, 342

25  (9th Cir. 2010).  A complaint filed by a pro se litigant "must be held to less stringent

26  standards than formal pleadings drafted by lawyers."  *Id.*  (internal quotation omitted).

27  Nevertheless, "a liberal interpretation of a civil rights complaint may not supply essential

28  elements of the claim that were not initially pled."  *Ivey v. Bd. of Regents*, 673 F.2d 266,

268 (9th Cir. 1982).

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action. *See Lopez*, 203 F.3d at 1127-29.

## A.     First Amended Complaint

Plaintiff's First Amended Complaint alleges a claim under 42 U.S.C. § 1983 against Defendants Sands Properties, LLC; an attorney representing Sands Properties, Mark D. Lammers; and Cochise County Superior Court Judge Joel Larson. (Doc. 10 at 1, 7.) Plaintiff's claim involves a summary judgment order issued by Judge Larson on October 17, 2024, awarding possession of Plaintiff's residence to Sands Properties and granting the company a Writ of Restitution (Order of Eviction) in Cochise County Superior Court case, *Juliet Pietro vs Sands Properties LLC*, S-0220-CV-2022-00361. (*Id.* at 2, 4-6; Doc. 10-1 at 15.)[2]

Plaintiff asserts that she owned the property in question because her former husband entered into a "gentlemen's agreement" in 1998 with a now-deceased foreman of the Sands Ranch, an entity associated with Sands Properties, "to receive deed to the property in exchange for work performed." (Doc. 10 at 2.)[3] Plaintiff alleges that Defendants Sands Properties and Lammers deprived her of her constitutional rights by intentionally making misrepresentations during the state court proceedings. (*Id.* at 2-7.) She also claims that Judge Larson violated her rights by granting the motion for summary judgment. (*Id.*)

As relief, Plaintiff requests a preliminary injunction to prevent the enforcement of the Order of Eviction granted to Sands Properties, an order vacating Judge Larson's summary judgment order, sanctions against Defendant Lammers, and compensatory

---

[2] Plaintiff's former residence is located at 704 E. Camino de Mesa, Huachuca City, Arizona 85616. (Doc. 10 at 2.)
[3] Plaintiff argues that she owned the residence through adverse possession. (Doc. 10 at 2.) She claims that attorney Lammers successfully argued that she lived on the land under a lease agreement. (*Id.* at 3, 6.) However, Plaintiff contests the legitimacy of the lease agreement and asserts that she was not privy to its terms. (*Id.* at 6.) Plaintiff does not explain the authority the foreman had to exchange the Sands Ranch land.

1    damages.  (*Id.* at 8.)

2        **B.    Discussion**

3        The crux of Plaintiff's Complaint and requested relief is a challenge to the state

4    court eviction proceedings and the enforcement of the Writ of Restitution.  However,

5    under the Rooker–Feldman doctrine, "review of state court decisions may only be

6    conducted in the United States Supreme Court.  Lower federal courts may not review

7    such decisions."  *Partington v. Gedan*, 961 F.2d 852, 864 (9th Cir. 1992), *as amended*

8    (July 2, 1992).  The United States Supreme Court has made clear that district courts do

9    not have jurisdiction to hear such challenges, even if they "allege that the state court's

10   action was unconstitutional."  *District of Columbia Court of Appeals v. Feldman*, 460

11   U.S. 462, 486 (1983).

12       The Rooker–Feldman doctrine applies to any issue "inextricably intertwined" with

13   the state court decision.  *Id.* at 483 n. 16.  "The federal claim is inextricably intertwined

14   with the state court judgment if the federal claim succeeds only to the extent that the state

15   court wrongly decided the issues before it."  *Busch v. Torres*, 905 F. Supp. 766, 771

16   (C.D. Cal. 1995) (internal quotations omitted) (holding under the Rooker-Feldman

17   doctrine that federal district court was precluded from reviewing state court judgment in

18   an unlawful detainer action and the subsequent enforcement of the judgment through the

19   writ of possession).

20       Here, Plaintiff's sole cause of action necessarily requires a review of her prior

21   state court proceeding and is thus barred under the Rooker–Feldman doctrine.

22   Additionally, to the extent that Plaintiff claims she was denied due process (*see* Doc. 10

23   at 4), the documents she attached to her Complaint regarding the state court proceedings

24   indicate that she had notice and an opportunity to be heard before the Writ of Restitution

25   was granted.  (*See* Doc. 10-1 at 15-17).  Furthermore, she fully litigated her adverse

26   possession claim and Defendant's motion for summary judgment.  (*Id.*)

27       Finally, as the Court noted in dismissing Plaintiff's original Complaint, Plaintiff's

28   claim may be precluded by the doctrine of claim preclusion.  *See Hastings v. Grundy*, No.

- 4 -

CV-19-4645-PHX-DGC, 2020 WL 5517303, at *3 (D. Ariz. Sept. 14, 2020) ("In Arizona, the doctrine of claim preclusion, or res judicata, prevents a plaintiff from bringing a second lawsuit when a prior judgment on the merits was rendered by a court of competent jurisdiction and the matter now in issue between the same parties or their privities was, or might have been, determined in the former action.") (internal quotation marks omitted).

For the foregoing reasons, the Court will dismiss Plaintiff's First Amended Complaint for lack of subject matter jurisdiction. Plaintiff has made two attempts at crafting a viable complaint and has been unable to do so. Furthermore, given the nature of the defects in the First Amended Complaint, it does not appear that Plaintiff could craft a viable complaint if given further opportunity to amend. Accordingly, the Court declines to grant further opportunities to amend and will dismiss this case with prejudice.

**IT IS ORDERED** that Plaintiff's First Amended Complaint (Doc. 10) is **dismissed with prejudice**. The Clerk of Court is directed to enter judgment accordingly, close this case, and term any pending motions.

Dated this 24th day of March, 2025.

Honorable Rosemary Márquez
United States District Judge

- 5 -